**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Kickin' Chicken, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 9:22-cv-00013-RMG |
| | ) | |
| v. | ) | |
| | ) | |
| TFD, Inc. f/k/a M-Tek, Inc., Thomas Liakopoulos, and Beverly Processing, Inc., | ) ) ) | **ORDER AND OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motion to remand. (Dkt. No. 11). For the reasons stated below, the Court grants the motion and remands this action to the Court of Common Pleas for Jasper County, South Carolina.

### I. Background

Plaintiff filed this case against Defendants TFD, Inc. f/k/a M-Tek, Inc. ("TFD"), Thomas Liakopoulos, and Beverly Processing, Inc. ("Beverly") on October 14, 2021 in the Court of Common Pleas for Jasper County, South Carolina, Civil Action No. 2021-CP-27-449. Plaintiff brings this action to recover damages allegedly caused when Defendants took wrongful possession of commercial equipment and gave Plaintiff's purchase money for that equipment to a third party despite past dealings with Plaintiff and the notice afforded by a filed UCC-1 Financing Statement. As alleged in the complaint, Plaintiff is citizen of Arkansas, TFD is a citizen of Illinois, and Beverly is a citizen of South Carolina. (Dkt. No. 1-1).

TFD was served the complaint on December 28, 2021. (Dkt. No. 1 ¶ 2).

TFD removed this action to federal court on January 3, 2022. (*Id.* ¶ 3). The parties do not dispute that at the time TFD removed this action, Beverly had not been served. (*Id.* ¶ 11); (Dkt.

1

No. 11 at 1-2). Beverly was served on January 20, 2022. (Dkt. No. 11 at 1-2) ("TFD was served before Beverly, allowing TFD a window to file a notice of removal prior to Plaintiff serving the state court summons and complaint on Beverly"); (*Id.*) (noting that "because Beverly has failed to comply with S.C. Code Ann. § 33-5-101 (requiring a corporation to continuously maintain[] a registered agent at its registered office), TFD was served before Beverly").

On January 31, 2022, Plaintiff moved to remand this action to Court of Common Pleas for Jasper County based on the forum-defendant rule. (Dkt. No. 11). TFD opposes. (Dkt. No. 17). Plaintiff filed a reply. (Dkt. No. 19).[1]

The matter is ripe for the Court's review.

## II. Legal Standard

As the party invoking the Court's jurisdiction, TFD bears the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992). The Court should strictly construe removal jurisdiction because it "raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also S.C. v. Boehringer Ingelheim Roxane, Inc.*, No. 3:07-cv-

---

[1] On February 18, 2021, TFD moved for leave to file a sur-reply. (Dkt. No. 21). Plaintiff opposes the request. (Dkt. No. 25). TFD argues that Plaintiff raised in its reply issues absent from its opening memorandum. The Court denies TFD's motion for leave to file a sur-reply for various reasons. First, this District's Local Civil Rules do not provide for sur-replies. Second, the disputed issues Plaintiff allegedly raised in its reply were not "new," but a rebuttal to TFD's reading of *Kisner v. Medtronic, Inc.*, 2:21-cv-01767-DCN, 2021 WL 4690979 (D.S.C. Oct. 7, 2021), a case cited by *TFD* in its response in opposition to Plaintiff's motion to remand. *See* (Dkt. No. 17 at 3); (Dkt. No. 25 at 2). And third, in granting Plaintiff's motion, the Court does not rely on *Kisner* and the points of law raised therein regarding 28 U.S.C. § 1446(d) (requiring that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded").

2

00665-CMC, 2007 WL 1232156, at *1 (D.S.C. Apr. 26, 2007).  Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Mulcahey*, 29 F.3d at 151.

### III.    Analysis

There is no dispute there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  In addition, there is no dispute that Plaintiff did not serve Beverly with the complaint prior to the removal of this action.  The issue in dispute is whether the forum-defendant rule bars TFD from removing this action before Plaintiff served Beverly with the complaint.

Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, the forum-defendant rule confines removal based on diversity jurisdiction to instances where no defendant is a citizen of the forum state. *Phillips Constr. LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D. W. Va. 2015).  The forum-defendant rule reads that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Courts disagree as to the application of the forum-defendant rule when the forum defendant has not yet been served.

While the Fourth Circuit has not addressed the issue, several circuits interpret the plain meaning of §1441(b)(2)'s "properly joined as served" language as permitting pre-service removal when a forum defendant is sued because it is in keeping with the literal language of the statute.  *See Texas Brine Co., LLC. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019) (rejecting argument that a literal interpretation of the statute produces an absurd

3

result because Congress adopted the "properly joined and served" requirement to provide a bright line rule). On the other hand, the Eleventh Circuit explained that pre-service removal pursuant to § 1441(b)(2) when a forum defendant is sued is prohibited because such removal is at odds with the legislative intent of the forum-defendant rule, to prevent gamesmanship. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (upholding dismissal without prejudice, reasoning that the "properly joined and served" language in § 1441(b)(2) should not be read to prevent district court from exercising discretion under Rule 41(a)(2)).

District Courts within the Fourth Circuit are similarly split on the issue. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2:14-MN-02502-RMG, 2016 WL 7338594, at *2 (D.S.C. Nov. 21, 2016); *Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D.W. Va. 2015) (discussing split of authority and holding removal by unserved forum defendants is barred by forum-defendant rule, at least when all defendants are residents of forum state); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) (noting that removability "cannot rationally turn on the timing or sequence of service of process."). *Contra Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 506 (N.D. W. Va. 2015); *Wensil v. E.I. Dupont de Nemours 7 Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) (explaining that § 1441(b)(2) is clear and the "presence of unserved resident defendants does not defeat removal where complete diversity exists."). Recently, in *Turtle Factory Bldg. Corp. v. McGrath Real Est. Holdings, LLC*, No. 2:20-CV-03099-RMG, 2021 WL 688697, at *3 (D.S.C. Jan. 28, 2021), this Court granted a plaintiff's motion to remand under circumstances similar to those present here. *Id.* (holding that "the literal application of § 1441(b)(2) is contrary to congressional intent and creates absurd results").

The Court grants Plaintiff's motion to remand. After considering the parties' respective briefing, the Court finds no reason to deviate from its holding in *Turtle Factory*:

> [T]he Court is persuaded by the opinions that find the literal application of § 1441(b)(2) is contrary to congressional intent and creates absurd results. One of the principal purposes of diversity jurisdiction was to give a "citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968). The forum-defendant rule appears to recognize that there is no need to protect out-of-state defendants from local prejudice where the defendant is a citizen of the state in which the case is brought. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006); *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).
>
> The addition of the "properly joined and served" language to § 1441(b)(2) has been interpreted as an effort to prevent gamesmanship by plaintiffs from joining forum defendants merely to preclude federal jurisdiction. *Goodwin*, 757 F.3d at 1221 (quoting *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008) (abrogated by *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018))). Further, if the forum-defendant rule were read to allow pre-service removal, it would provide an incentive for defendants to employ gamesmanship by racing to remove newly filed actions, which would stand in contrast to the purpose behind the inclusion of the language to prevent gamesmanship. *Id.; Phillips Construction, LLC*, 93 F. Supp. 3d at 553; *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (finding based on statutory scheme "permitting pre-service removals when a forum defendant is sued runs counter to the reasons underlying the forum-defendant rule and is not a result that Congress could have envisioned ... when it enacted the rule to protect out of state defendants from local juries). Removal statutes are to be strictly construed and the removing party bears the burden of establishing the right to removal *Mulcahey*, 29 F.3d at 151. Courts are clearly split as to this issue and the propriety of removal in this case is doubtful. As such, the Court weighs in favor of remanding to state court.

*Turtle Factory*, 2021 WL 688697, at *3 (remanding action on basis of forum-defendant rule where nonresident defendant was served and removed action to federal court before service of resident defendant was completed). In its opposition, TFD attempts to distinguish *Turtle Factory* by arguing that case involved more "gamesmanship" than present here. (Dkt. No. 17 at 4) (arguing that in *Turtle Factory*, "in *less than two months*, Plaintiff had filed suit, attempted, and

5

successfully served all defendants" while in the instant case, "Plaintiff filed suit on October 14, 2021, and Plaintiff, by its counsel's Declaration, made no effort to serve the forum defendant until December 21, 2021, *more than two months* after the suit had been filed"); (*Id.* at 6) (concluding that Plaintiff's "delay" in prosecuting this case removes any concern the Court should have regarding "gamesmanship").  The Court rejects TFD's argument, however, as it creates a distinction between this case and *Turtle Factory* which is irrelevant both in and off itself and, more importantly, to the Court's above stated reading of § 1441(b)(2). *See* (Dkt. No. 19 at 3) ("TFD's only other argument is . . . that somehow this case is distinguishable from this Court's decision in *Turtle Factory* because of an untimeliness or improper delay in the service of process in the state court action in this matter. This is a red herring, an attempt to draw Plaintiff into a distracting debate about its precise efforts to conduct service within TFD's arbitrary 'more than two months' versus 'less than two months' construct [because] South Carolina's Legislature has defined what is timely service of a state court summons and complaint in S.C. Code Ann. § 15-3-20 – a complaint is timely served so long as service occurs within one hundred and twenty days of the filing of a Complaint.").

**IV.     Conclusion**

For the reasons stated above, Plaintiff's motion to remand (Dkt. No. 11) is **GRANTED**. The Court **REMANDS** the action to the Court of Common Pleas for Jasper County, South Carolina for adjudication on the merits.  All other pending motions are denied as moot.

**AND IT IS SO ORDERED**.


                                                                    s/Richard Mark Gergel
                                                                    Richard Mark Gergel
                                                                    United States District Judge

March 4, 2022
Charleston, South Carolina